In the Matter of **INDIAN RIVER HOMES, INC.**, Debtor.

**Bankruptcy No. 89–173.**

United States Bankruptcy Court, D. Delaware.

June 9, 1989.

James L. Patton, Jr., Michael P. Morton, Wilmington, Del., for debtor.

Michael B. Joseph, Wilmington, Del., for Sussex Trust Co.

Jeremy J. Abelson, Bank of Delaware, Wilmington, Del., for Bank of Delaware.

William L. Witham, Jr., Dover, Del., for Unsecured Creditors Committee.

BENCH DECISION FOLLOWING HEARING ON DEBTOR'S APPLICATION FOR AUTHORITY TO ENGAGE REAL ESTATE AGENT (INDIAN RIVER LAND COMPANY, INC.)

HELEN S. BALICK, Bankruptcy Judge.

· The debtor, Indian River Homes, Inc., wants to engage Indian River Land Compa-

ny, Inc. as a real estate agent. The two entities are closely related. Historically, Indian River Land was merged into and then sold out of Indian River Homes in October 1988.

Carlton Moore, president of the debtor, is a sales employee of Indian River Land who is paid on a commission basis. The owners of Indian River Land are directors of Indian River Homes. Two of the owners of Indian River Land are relatives of Carlton Moore. Indian River Homes holds a purchase money mortgage of Indian River Land. Before, during and after the merger, Indian River Land either as a division or a separate entity acted as sales agent for Indian River Homes.

Sussex Trust Company, the Creditors Committee and the Bank of Delaware filed objections to Indian River Homes' request. The Bank of Delaware and the Creditors Committee have indicated that they do not wish to pursue their objections.

Sussex Trust asserts that Indian River Land cannot qualify under the restrictions of § 327 of title 11, United States Code, which spells out in a negative fashion the kind of professional who may be employed by a debtor-in-possession. That is, any such professional cannot hold or represent an interest adverse to the estate and must be disinterested. Disinterested person is defined five different ways in § 101(13). Under one of those definitions, § 101(13)(A), an "insider" is not disinterested. That term requires examination of § 101(30)(B) that speaks to who is an insider when the debtor is a corporation as is Indian River Homes. Indian River Land does not fit the description of any entity specifically stated as being an insider.

Section 101(13)(E) says that an entity is disinterested if it does not have an interest that is materially adverse to the interests of the estate by reason of any direct or indirect relationship to, connection with or interest in the debtor. There is no question but that Indian River Land is an interested party. But, that interest is not materially adverse. True, commissions payable upon the sale of Indian River Homes' property will result in a diminuition of funds coming into the estate but the amount of that commission is the standard amount any other real estate agent would charge and in addition to the sale of lots, Indian River Homes is benefiting from other services Indian River Land has performed in the past and will perform under the proposed commission arrangement. Those services would not be available without additional charge from any other real estate agent.

To go back to the insider question. Comments were made by counsel about interlocking boards of directors. There was no such evidence. The evidence is that the individuals who own Indian River Land serve as directors of Indian River Homes. Clearly, there is an interrelationship even if Indian River Land technically is not an insider. In any event, the evidence supports the practicality of approving the engagement of Indian River Land Company and I do so. An order approving the appointment will be entered.